**THE MARY A.**

**UNITED STATES v. MARTINSON et al. (FAIRBANKS, MORSE & CO., Inc., et al., Interveners).**

District Court, E. D. New York.

May 28, 1931.

Howard W. Ameli, U. S. Atty., and Alfred C. McKenzie, Asst. U. S. Atty., both of Brooklyn, N. Y.

Alexander, Ash & Jones, of New York City, for Chester A. Poling, Inc.

Reynolds, Richards & McCutcheon, of New York City, for Fairbanks, Morse & Co., Inc., and another.

CAMPBELL, District Judge.

This is a hearing on the petitions of Chester A. Poling, Inc., Fairbanks, Morse & Co., Inc., and Jakobson & Peterson, Inc., respectively, to intervene and establish each of their liens upon the auxiliary fishing schooner Mary A, her engines, etc., in the above-entitled actions.

All of the petitions above mentioned being for intervention in the same suit, affecting the same vessel, one opinion will be sufficient.

At the time of the seizure of the said auxiliary fishing schooner Mary A, and at the time of the conviction, hereinafter described, of the defendant Martin Martinson, he was the owner of the said vessel, auxiliary fishing schooner Mary A.

On March 18, 1931, the said defendant Martin Martinson, owner of the said auxiliary fishing schooner Mary A, was found guilty in this court of the charge of transportation of intoxicating liquor, and the court ordered forfeiture of said vessel as provided by the National Prohibition Act (title 2, § 26 [27 USCA § 40]).

On March 30, 1931, an order was made directing the United States marshal to forthwith take into his possession the said vessel, and forthwith cause a notice to be published of the seizure of said vessel, and that on a day and place therein stated an opportunity would be afforded to all persons having claims or liens upon the said American auxiliary schooner Mary A to intervene and be heard, in default of which the said Mary A would be declared to be forfeited to the use of the United States of America.

In pursuance of the terms of that order, the above-named filed petitions for permission to intervene, and on the 18th day of May, 1931 a hearing was had on each of the said petitions.

As to the petition of Chester A. Poling, Inc.:

On all the evidence I find the facts as follows:

That said corporation operated the boat Overland, which was engaged in selling fuel oil and other things of like character to vessels.

That the said Chester A. Poling, Inc., sold and furnished fuel oil for use on the Mary A between November 5, 1930, and January 6, 1931.

That the sales made by Chester A. Poling, Inc., to the Mary A were made at Fulton Fish Market, where the Mary A was at the time, and that the Mary A had scallops aboard and had the appearance of a boat engaged in the transportation of fish.

That the fuel oil sold by Chester A. Poling, Inc., was receipted for by the defendant Martin Martinson, who was captain and owner of the boat, and had purchased fuel oil before that time from Chester A. Poling, Inc.

That all of the surrounding circumstances, as well as the direct evidence, show entire good faith on the part of Chester A. Poling, Inc., and the captain of its boat Overland who made the sale, and lack of any knowledge on the part of Chester A. Poling, Inc., that the said vessel was being used, or was to be used, for illegal transportation of liquor.

That the materials and supplies so furnished by Chester A. Poling, Inc., to and for the use of the vessel Mary A were fit, proper, and necessary for said vessel, and that the fair, reasonable, and agreed price thereof was $100.62, no part of which sum has been paid.

I therefore find as conclusions of law: That Chester A. Poling, Inc., is entitled to intervene, and has a valid maritime lien against the said auxiliary fishing schooner Mary A for $100.62, for the materials and supplies furnished to her, and that said lien was a bona fide lien, and was created without the lienor having any notice that the said vessel Mary A was being used, or was to be used, for illegal transportation of liquor.

As to Fairbanks, Morse & Co., Inc.:

On all the evidence I find the facts as follows:

That said corporation is engaged in the business of furnishing and installing engines and other merchandise necessary for use in connection therewith in boats.

That on October 17, 1930, the defendant Martin Martinson, who was the owner of the auxiliary schooner Mary A, called upon the representatives of said corporation, informed them that said vessel Mary A was engaged in the fish and scallop trade, and

ordered an engine and other material to be used in connection therewith.

That the said corporation, Fairbanks, Morse & Co., Inc., required the said Martin Martinson to furnish a credit statement containing the names of references, and he complied with their request and gave them certain names, which statement was on a printed form and offered in evidence.

That Fairbanks, Morse & Co., Inc., communicated with those offered as references, and received favorable replies.

That on November, 13, 1930, the printed contract dated October 17, 1930, was approved by Fairbanks, Morse & Co., Inc.

That by said contract, which was offered in evidence, it agreed to deliver to the said defendant Martin Martinson, for use on the vessel Mary A, one starboard marine Diesel engine with reverse gear and regular equipment; one pyrometer; one pilot house control, and one built-in bilge pump, for $6,209, of which $1,000 was to be paid in cash with the order, $1,000 on the shipment of the machinery and materials, and $4,209 in six equal installments beginning ninety days after shipment and ending on the 13th day of December, 1931.

The engine and machinery were delivered by said Fairbanks, Morse & Co., Inc., on the credit of the vessel Mary A, and were fit, proper, and necessary for said vessel, and the fair and reasonable and agreed price of such machinery and materials so furnished to said vessel was $6,209, no part of which has been paid except the sum of $2,701.50 paid on account, and that there remains due and owing to said Fairbanks, Morse & Co., Inc., the sum of $3,507.50, with interest thereon from the 13th day of November, 1930, at the rate of 6 per cent. per annum.

All the surrounding circumstances, as well as the direct evidence, show entire good faith on the part of Fairbanks, Morse & Co., Inc., its agents and servants, and lack of any knowledge on the part of Fairbanks, Morse & Co., Inc., that the said vessel was being used, or was to be used, for illegal transportation of liquor.

I therefore find as conclusions of law: That Fairbanks, Morse & Co., Inc., is entitled to intervene and has established that it has a valid maritime lien against the auxiliary fishing schooner Mary A for $3,507.50, with interest thereon from the 13th day of November, 1930, at the rate of 6 per cent. per annum, and that said lien was a bona fide lien, and was created without the lienor having any notice that the said vessel Mary A was being used, or was to be used, for illegal transportation of liquor.

As to Jakobson and Peterson, Inc.:

On all the evidence I find as follows:

That said corporation maintains a shipyard at the foot of Sixteenth avenue, Brooklyn, N. Y., and is engaged in the business of building and repairing vessels, and has been engaged in that business for many years; the yard in question having been operated by it for over 11 years.

That in the month of October, 1930, the defendant Martin Martinson, who informed the said Jakobson & Peterson, Inc., that he had been sent to them by Fairbanks, Morse & Co., Inc., requested the said Jakobson & Peterson, Inc., to perform work and furnish materials at their fair and reasonable value in making necessary repairs to the Mary A, among other things, in removing her old engine and installing the new one purchased from Fairbanks, Morse & Co., Inc.

That the said Jakobson & Peterson, Inc., made inquiry of Fairbanks, Morse & Co., Inc., as to the defendant Martin Martinson, and were informed that he had furnished satisfactory references, and the said Jakobson & Peterson, Inc., from the appearance of the boat itself, believed that she was engaged in the scallop and fish trade.

All the surrounding circumstances, as well as the direct evidence, show the entire good faith of Jakobson & Peterson, Inc., in this matter, and lack of any knowledge on the part of Jakobson & Peterson, Inc., that the said vessel was being used, or was to be used, for illegal transportation of liquor.

Jakobson & Peterson, Inc., in accordance with the agreement which they entered into with the defendant Martin Martinson, and upon the credit of said vessel Mary A, made necessary repairs and furnished to the said vessel Mary A certain materials, itemized in the statement attached to the intervening petition herein, between some time in October, 1930, and December 27, 1930, which were fit, proper, and necessary for the use of said vessel, and that the fair, reasonable, and agreed value thereof was the sum of $2,800.05, no part of which has been paid except the sum of $901.73 paid on account, and that there remains due and owing to the said Jakobson & Peterson, Inc., the sum of $1,898.32, with interest thereon, at the rate of 6 per cent. per annum, from December 31, 1930.

I therefore find as a conclusion of law: That Jakobson & Peterson, Inc., is entitled to intervene and has established that it has a valid maritime lien against the auxiliary fishing schooner Mary A, for $1,898.32, with interest thereon from the 31st day of December, 1930, at the rate of 6 per cent. per annum, and that said lien was a bona fide lien, and was created without the lienor having any notice that the said vessel Mary A was being used, or was to be used, for the illegal transportation of liquor.

Permission to intervene is granted each of the aforesaid petitioners, and their respective liens, as established herein, are to be paid out of the proceeds of the sale of said Mary A, in full, if the amount of the proceeds of sale are sufficient after deducting the costs and expenses, and, if such proceeds are not sufficient, then the proceeds of said sale, after deducting the costs and expenses, shall be divided pro rata between the said lienors.

The said vessel Mary A is declared to be forfeited to the use of the United States of America, and the usual decree of forfeiture and sale may be entered.

As the Secretary of the Treasury has requested that said vessel be turned over to the government or one of its officers or agents, for the use of the government, an opportunity should be afforded the government to elect whether it will pay said liens, and therefore three weeks should be allowed to it for that purpose, and the United States marshal must be directed not to give notice of sale before the expiration of that time.

As the term of court at which the order hereon will be made will expire before the sale can be held, the said term will be extended three months from the date of the order to be entered hereon, and the order should so provide. Settle order on notice.